Putnam, C. J.,
This is an action of tort for damage to a building on Tappan Street, Brookline, owned by the plaintiffs, caused by the falling thereon of a tree which stood on adjacent land owned by the defendant. It was submitted to the trial judge on a statement of agreed facts and the . testimony of one witness. The plaintiffs filed one request for a ruling of law, as follows: “The evidence in this case *135 warrants a finding that the defendant was negligent”. This request was denied, and although the report makes no mention of the finding the docket entries show that the judge found for the defendant, saying in his decision: — ■ “If I could find, or if the defendant would admit, negligence or maintenance of nuisance contributing to the injury proved, I should find for the plaintiff”. It was agreed that the damage suffered by the plaintiff amounted to $57.50.
We construe the judge’s statement quoted above, together with his refusal to give the plaintiffs’ requested ruling, as a ruling of law by him that there was no evidence of negligence on the part of the defendant. The due care, of the plaintiff was not put in issue by the pleadings.
Our duty, then, is to examine the agreed facts and the testimony in the light most favorable to the plaintiff. Approaching the case from that angle we find a mixture of agreed facts and testimony which would have warranted the trial judge in finding that the parties are and were at all material times adjoining landowners on Tappen Street, Brookline; that neither party lived on his respective property; that the boundary line between the properties is an embankment or natural slope, the defendant’s land being on a higher level than that of the plaintiffs; that on the morning of October 23,1937, a tree about 50 feet high and 14 inches through at the ground level, which was dead and had been dead and without foilage or bark at least since the month of May, 1937, and which stood on land of the defendant near the boundary line, blew over in a wind which varied throughout the day from a velocity of 15 miles per hour (known as a moderate wind) to a velocity of 32 miles per hour (known as a strong wind) and damaged plaintiffs ’ house; that the tree leaned slightly toward the plaintiffs’ property some months before the accident. There was also before the trial judge, and before this division, a sec *136 tian of the tree sawed off the stump which shows the break. Growing on. this section were fungi of various kinds. It is manifest that this tree had been dead for a long time.
The authorities may fairly be described as being in a state of confusion. In Giles v. Walker, 24 Q. B. D. 656 (1890) the plaintiff was damaged by thistle seeds blowing onto his land from the defendant’s, the evidence being that the defendant’s land was originally forest land which did not bear thistles. 'The defendant’s predecessor in title had cut off the forest and cultivated the land, whereupon thistles “sprang up all over it”. The defendant let them grow, and they grew into thousands, and their seeds blew onto the plaintiff’s land, took root and did damage. The County Court left it (very sensibly, as we think) to the jury to say whether the defendant was negligent in not cutting the thistles. The jury found he was negligent. But Lord Chief Justice Coleridge, without citing any authority, disposed of the case by saying, “I never heard of such an action as this. There can be no duty as between adjoining occupiers to cut the thistles, which are the natural growth of the soil”; and Lord Esher, Master of the Bolls, agreed with him and the appeal was allowed. This decision has been relied on and followed by the Court of Appeal of British Columbia in Reed v. Smith, 19 B. C. 139 (1914), where the matter dealt with was the fall of partially decayed cedar trees in the city of Vancouver, and has been cited with approval in various English decisions.
We prefer the doctrine laid down in Gibson v. Denton, 38 N. Y. S. 554 (1896), comparing a dead and decayed tree to a dilapidated building or a decayed telegraph pole.
We feel that the latter doctrine is to be preferred to one which attaches any particular saving grace to “the natural growth of the soil”, which growth certainly was not there when Brookline was settled about 300 years ago, and which *137 was there when the defendant bought his place. We do not favor a rule which would permit a man (under the decision of Giles v. Walker, 24 Q. B. D. 656) to buy land with a dead and leaning tree on it which could be found to be dangerous to a neighbor’s house and then, on the falling of that tree to say, with effect, “That tree was the natural growth of the soil and was there when I became the owner”, and thus escape liability.
We are of opinion that the record contains evidence which would warrant a judge in finding negligence on the part of the defendant and that the ruling requested by the plaintiffs should have been given. There must be a new trial.
So ordered.